IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Chad Lavell Williams, Jr., <br><br>            Defendant, <br><br> v. <br><br> United States of America. | Criminal No. 5:23-cr-797-SAL <br> Civil No. 5:25-cv-5754-SAL <br><br><br> **OPINION AND ORDER** |

This matter is before the court on Defendant Chad Lavell Williams, Jr.'s motion to vacate under 28 U.S.C. § 2255. [ECF No. 57.] The Government opposes the motion and moves for summary judgment. [ECF Nos. 60, 61.] For the reasons below, the court **DENIES** Williams's motion to vacate and **GRANTS** the Government's motion for summary judgment.

## BACKGROUND

In October 2023, Williams was charged as the sole defendant in a three-count indictment with possessing with intent to distribute methamphetamine (Count One), possessing a firearm after a prior felony conviction (Count Two), and possessing a firearm in furtherance of a drug trafficking crime (Count Three). [ECF No. 2.] On April 4, 2024, Williams, represented by counsel, pleaded guilty to Counts One and Two pursuant to a plea agreement. [ECF Nos. 40, 41, 42.] And on July 22, 2024, Williams was sentenced to a total term of 84 months' imprisonment, consisting of 84 months as to Count One and 84 months as to Count Two, to run concurrently, followed by three years of supervised release. [ECF Nos. 51, 52.]

Williams did not appeal.

In June 2025, Williams filed the present motion to vacate his conviction and sentence under § 2255. [ECF No. 57.] He argues that his felon in possession conviction is invalid under the Second Amendment in light of the Supreme Court's decision in *New York State Rifle & Pistol Assoc., Inc. v. Bruen*, 597 U.S. 1 (2022), a case decided in June 2022. [ECF No. 57.]

1

The Government opposes § 2255 relief, arguing Williams's motion is procedurally defaulted and, even if reviewable, lacks merit. [ECF No. 60.] The Government moved for summary judgment, as well. [ECF No. 61.] Williams did not respond.

**LEGAL STANDARDS**

**I.     Summary Judgment**

Summary judgment is appropriate where the pleadings, discovery, and disclosure materials show "that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a). At the summary judgment stage, the court must view the evidence in a light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Where resolution of a material issue of fact depends on a credibility determination, disposition by summary judgment is not appropriate. *Davis v. Zahradnick*, 600 F.2d 458, 460 (4th Cir. 1979).

**II.     28 U.S.C. § 2255**

A federal prisoner in custody may challenge the fact or length of his detention by filing a motion under 28 U.S.C. § 2255. To receive relief under § 2255, a movant is required to prove by a preponderance of the evidence that his sentence was imposed in violation of the Constitution or laws of the United States; or that the court was without jurisdiction to impose such a sentence; or that the sentence exceeded the maximum authorized by law; or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If this showing is made, the court must "vacate and set the judgment aside" and "discharge the prisoner or resentence him or grant a new trial to correct the sentence as may appear appropriate." *Id.* § 2255(b). If, however, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court may summarily deny the petition without holding a hearing. *Id.* (providing a hearing is not required on a § 2255 motion

if the record of the case establishes that petitioner is entitled to no relief); Rule 4(b), Rules Governing Section 2255 Proceedings.

The burden of showing a substantial constitutional deprivation is upon the petitioner in a habeas corpus proceeding. *Johnson v. Zerbst*, 304 U.S. 458, 468–69 (1938).

## DISCUSSION

In his motion, Williams argues that his § 922(g) conviction is unconstitutional under *Bruen* and its progeny. [ECF No. 57.] The Government argues Williams's claim is procedurally defaulted. [ECF No. 60 at 4–5.]

Section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a § 2255 motion and will be considered procedurally barred. *See Bousley v. United States*, 523 U.S. 614, 621 (1998); *Stone v. Powell*, 428 U.S. 465 n.10 (1976) ("Nonconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings."). Such procedurally defaulted claims may only be considered in a habeas action if a defendant shows either cause and actual prejudice or that he is actually innocent. *Bousley*, 523 U.S. at 622.

As argued by the Government, Williams's *Bruen*-based argument was available to him at the time of his plea and sentencing. *See* ECF No. 60 at 5 (noting Bruen was decided "approximately two years before Williams pled guilty"). Further, Williams makes no attempt to show cause and prejudice to excuse his procedural default. He filed no response to the Government's summary judgment motion.

Based on the record before the court, the claim raised in Williams's § 2255 motion is procedurally defaulted. Williams has failed to overcome the procedural default, and the Government is entitled to summary judgment.[1]

### CONCLUSION

Because Williams's only § 2255 claim is procedurally barred, his motion must be dismissed. This conclusion is evident as a matter of law from the motion and the files and records of the case. Accordingly, the court will grant summary judgment without holding a hearing. 28 U.S.C. § 2255(b) (providing that a hearing is not required on a § 2255 motion if the record of the case establishes that petitioner is entitled to no relief); Rule 4(b), Rules Governing Section 2255 Proceedings.

Williams's motion to vacate under 28 U.S.C. § 2255, ECF No. 57, is **DENIED**. The Government's motion for summary judgment, ECF No. 61, is **GRANTED**. It is further ordered that a certificate of appealability is denied as Williams has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

**IT IS SO ORDERED.**

March 12, 2026                          Sherri A. Lydon
Columbia, South Carolina                United States District Judge

---

[1] The court need not consider the Government's alternative argument that Williams's claim is foreclosed by Fourth Circuit precedent. *See* ECF No. 60 at 5–6. But the court agrees that binding case law bars relief. *See United States v. Canada*, 123 F.4th 159, 161 ("No federal appellate court has held that Section 922(g)(1) is facially unconstitutional, and we will not be the first.").

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Williams has not made the requisite showing.